UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:
        RUTH PAVLOVSKY,                  Chapter 7
                                                       Case No. 05-18225 (SMB)
              Debtor.
----------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER
## GRANTING EMC CORPORATION'S MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

**A P P E A R A N C E S:**

MS. RUTH PAVLOVSKY by
  her attorney-in-fact, Ms. Harriet Assed
99 Hillside Avenue
New York, New York 10040


STEVEN J. BAUM, P.C.
Attorneys for EMC Mortgage Corporation
220 Northpointe Parkway, Suite G
Amherst, New York 114228

      Amy F. Prezewozny, Esq.
          Of Counsel


SILVERMAN PERLSTEIN & ACAMPORA LLP
Attorney for the Chapter 7 Trustee
100 Jericho Quadrangle
Jericho, New York 11753

      Kenneth P. Silverman, Esq.
          Of Counsel


UNITED STATES TRUSTEE
33 Whitehall St. -- Floor 21
New York, New York 10004

**STUART M. BERNSTEIN**
**Chief United States Bankruptcy Judge**

EMC Mortgage Corporation ("EMC") has moved for relief from the automatic stay to proceed with a mortgage foreclosure action against property located at 15 Hunt Club Drive, Marshal's Creek, Pennsylvania (the "Townhouse"). The debtor, though her attorney in fact, Ms. Harriet Assed, opposes this motion. Since the debtor concedes that the Townhouse is not property of the estate, the automatic stay does not prevent the foreclosure. Accordingly, the motion is granted.

## BACKGROUND

The debtor filed her chapter 7 petition on September 19, 2005, and Kenneth P. Silverman was appointed to serve as the chapter 7 trustee. According to her Schedule A (ECF Doc. # 1) and amended Schedule A (ECF Doc. # 16), the debtor owned, as of the petition date, real property located at 15 Fairway Drive East, Marshal's Creek, PA 18335 (the "Other Property"). Ms. Assed, on the other hand, owns the Townhouse. Because of certain confusion regarding the distinction between and ownership of the Townhouse and the Other Property, EMC and its predecessor, Washington Mutual Bank, filed previous, unsuccessful motions for stay relief, but the instant motion is straightforward.

EMC is the current holder of a mortgage, dated October 14, 1999, which encumbers the Townhouse. The mortgagor is Ruth Pavlovsky, the debtor, and the mortgage secures an adjustable rate note, also dated October 14, 1999, in the principal amount of $75,000. The note calls for monthly payments in the amount of $314.18, but that amount is subject to adjustment. According to the motion, the debtor has failed to make 41 mortgage payments, and the value of

2

the Townhouse is diminishing. (Motion to Terminate the Automatic Stay, dated Aug. 16, 2006 ("EMC Application"), at ¶¶ 3, 6) (ECF Doc. # 39.)

Ms. Assed submitted opposition. (Affidavit in Opposition to Motion to Lift Automatic Stay, dated Sept. 29, 2006 ("Opposition").) She states that the debtor previously transferred the Townhouse to Ms. Assed and her late husband, (Affidavit in Opposition to Proposed Order to Terminate Automatic Stay, dated Nov. 21, 2005 ("Assed Affidavit"), at 8 (a)) (ECF Doc. # 9), but due to certain fraudulent actions in connection with the original conveyance to her mother, neither her mother nor she ever actually acquired any interest in the Townhouse. (Opposition, at ¶¶ 2, 4, 17, 43.) Ms. Assed nevertheless contends that the debtor should be considered the "de facto" owner because of the fraud. (Id., at ¶¶ 2, 25, 33, 43.)

The debtor also asserts several other claims: EMC violated the Fair Debt Collection Practices Act, (id., at ¶ 11), the Townhouse is not transferable because of the defects in its title, (id., at ¶¶ 12, 14, 26, 41) and there is significant equity in the Townhouse. (Id., at ¶ 5.) Finally, she objects to the appraisal performed on the Townhouse. (Id., at ¶¶ 42, 44, 49-50, 53-63.) She does not dispute that EMC's predecessor loaned the debtor the money to purchase the Townhouse, (id., at ¶ 6), or that the note and mortgage are seriously delinquent.

**DISCUSSION**

In light of the concession that the debtor transferred the Townhouse pre-petition, and it is not, therefore, property of the estate, the automatic stay does not apply. The relevant subparagraphs of § 362(a) stay efforts to interfere with, obtain possession of, or enforce a lien against "property of the estate," see 11 U.S.C. § 362(a)(2), (3), (4), or in some cases, "property of the debtor." 11 U.S.C. § 362(a)(5). The Townhouse is neither; it is Ms. Assed's property.

Furthermore, there is no basis to view the debtor as the "de facto" owner. The debtor's theory is based on the dubious reasoning that she never acquired title (because of the incipient fraud), and could not, therefore, have passed any interest to Assed. (Opposition, at ¶ 4.) That said, whatever interest she owned she conveyed to Assed. At most, the estate owns a fraud claim, and the trustee is free to pursue it as he sees fit.

Accordingly, the motion for relief from the stay is granted to the extent necessary to allow EMC to proceed with its suit to foreclose its mortgage on the Townhouse. This result is without prejudice to Assed's right to raise any defenses to that foreclosure proceeding.

So ordered.

Dated: New York, New York
October 13, 2006

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
Chief United States Bankruptcy Judge

5